IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BOBBIE L. BULLARD,<br><br>  Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security Administration,<br><br>  Defendant. | Case No. 2:09-cv-717-SA<br><br><br><br>**MEMORANDUM DECISION AND ORDER** |

  Before the Court is an action filed by Plaintiff, Bobbie L. Bullard, asking the Court to reverse the final agency decision denying her application for Supplemental Security Income (hereafter "SSI") under the Social Security Act. Ms. Bullard argues the ALJ's decision that Ms. Bullard was able to perform her past relevant work was not supported by substantial evidence and is legally erroneous. Having reviewed the pleadings and record, the Court orders that this case be remanded.

  The Court reviews the Commissioner's decision to determine whether the factual findings are supported by substantial evidence and whether correct legal standards were applied. *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "Substantial evidence is 'such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion,'" *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (citation omitted), and "requires more than a scintilla but less than a preponderance," *Lax*, 489 F.3d at 1084. The Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The Court may neither reweigh the evidence nor substitute its judgment for that of the agency. *See Lax*, 489 F.3d at 1084.

## Plaintiff's Credibility

The Court first turns to Ms. Bullard's challenge of the ALJ's finding regarding Ms. Bullard's credibility. The ALJ found that Ms. Bullard's "allegations [were] somewhat out-of-proportion to the medical findings, and generally not compatible or reasonably consistent with the medical evidence record and all other evidence - and therefore not fully persuasive." (Doc. 5, the certified copy of the transcript of the entire record of the administrative proceedings relating to Bobbie L. Bullard (hereafter Tr. __) 15.) The ALJ emphasized that he did not find an intentional lack of full credibility, rather that Ms. Bullard could "perform at higher levels than she state[d], or perceive[d] she [could]." (Tr. 15-16.) In making this credibility determination, the ALJ set forth the specific evidence he relied on in evaluating Ms. Bullard's credibility, including the lack of objective medical evidence to support the degree of impairment alleged, Ms. Bullard's daily activities, the effectiveness of Ms.

2

Bullard's medication, and Ms. Bullard's sparse treatment (Tr. 16). *See Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000) (finding an ALJ properly rejected a claimant's subjective statements where he identified the specific evidence relied upon in evaluating credibility). The ALJ said that he made the above-stated determination regarding Ms. Bullard's credibility after considering the record as a whole.

The ALJ specifically found that Ms. Bullard (who lives alone) had the ability to handle her activities of daily living, which, according to the ALJ, "indicate[s] that [Ms. Bullard] retains adequate range of motion" to perform her past relevant work as a cashier/checker and waitress, and that Ms. Bullard's abilities are "highly inconsistent with [Ms. Bullard's] allegation of daily pain and of total disability." (Tr. 16.)

The Court has carefully read the testimony Ms. Bullard gave at the ALJ hearing and concludes that the ALJ's finding was adequately supported by the record. Ms. Bullard testified to many limitations, but at times, when questioned further, Ms. Bullard's limited activities appear to be based on factors other than her impairments. For example, when the ALJ asked Ms. Bullard about her statement that some days she just did not feel like cooking, Ms. Bullard admitted that she did not cook some days "not because I don't feel good. It's just because I don't want to cook for myself." (Tr. 51.)

3

Further, Ms. Bullard does not contest the ALJ's finding that very little objective medical evidence supports Ms. Bullard's alleged functional limitations. *See* 20 C.F.R. § 416.929(c)(2); *Luna v. Bowen*, 834 F.2d 161, 165 (10th Cir. 1987). Again, the ALJ did not completely reject Ms. Bullard's history of pain or her breathing and emotional issues; the ALJ found that Ms. Bullard's allegations were "somewhat out-of-proportion to the medical findings, and generally not compatible or reasonably consistent with the medical evidence record and all other evidence - and therefore not fully persuasive." (Tr. 15.) Further, even though Ms. Bullard had understandable reasons for not wanting to wait in line to receive low cost medical treatment, her unwillingness to try to receive such treatment and the huge time gaps between medical treatments are legitimate factors for the ALJ to consider when evaluating Ms. Bullard's credibility. *See Bean v. Chater*, 77 F.3d 1210, 1213 (10th Cir. 1995). The ALJ noted, and Ms. Bullard has not challenged, that Ms. Bullard has not required any periods of hospitalization. (Tr. 16.) Ms. Bullard also does not dispute the ALJ's finding that she has not always been compliant with taking her medications as prescribed, medication that, when taken as prescribed, have been helpful in treating her. (Tr. 37, 40, 45.)

Having carefully reviewed the parties' arguments and the record, the Court concludes that the ALJ's credibility finding is supported by such relevant evidence as a reasonable mind might

4

accept as adequate to support the ALJ's finding. As a result, the Court rejects Ms. Bullard's challenge to the ALJ's credibility finding.

### Dr. Lym's Opinion

Second, the Court examines Ms. Bullard's challenge to the ALJ's evaluation of Dr. Lym's medical opinion. Having carefully examined the record and the pleadings, the Court concludes the ALJ gave specific, legitimate reasons why he did not accept Dr. Lym's opinion regarding Ms. Bullard's limitations. (Tr. 17-18.) *See Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004).

The ALJ based his finding on: (1) that the objective medical evidence was inconsistent with the limitations Dr. Lym opined, including many of Dr. Lym's office visit findings (Tr. 18, 211, 220, 222, 224 and 226) and (2) that Dr. Lym is a family practitioner rather than a mental health expert, and his opinion was inconsistent with the assessment of Dr. McGill, a psychologist - a specialist - who performed an extensive psychological consultative examination (Tr. 18, 175-78, 229-30). *See* 20 C.F.R. § 416.927(d)(5); *Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988); *Watkins v. Barnhart*, 350 F.3d 1297, 1300-01 (10th Cir. 2003).[1] The Court has carefully reviewed the parties'

---

[1] The Court also notes that, as Defendant explains in his brief, Dr. Lym's notes contain statements documenting Ms. Bullard's subjective complaints, but contain hardly any of Dr. Lym's independent observations supporting his medical opinion regarding Ms. Bullard's abilities to work. In addition, Dr. Lym's opinion was done in a checked-box style and his treatment

5

arguments regarding this issue as well as the record in this case and concludes that these two reasons were specific and legitimate. As such, the Court rejects Ms. Bullard's second argument because the ALJ gave specific, legitimate reasons for rejecting Dr. Lym's opinion regarding Ms. Bullard's specific limitations in favor of those limitations expressed in Dr. McGill's report. *See Langley*, 373 F.3d at 1119.

### Subsequent Award of Benefits

Finally, Ms. Bullard argues that the ALJ's decision is inconsistent with the Commissioner's later determination that Ms. Bullard is disabled; therefore, the Court should remand this case to resolve the conflict. The Commissioner determined in an October 2, 2009 decision that Ms. Bullard had been disabled beginning in March 2009, just three months after the ALJ issued his decision finding Ms. Bullard not disabled. The Appeals Council issued its denial on June 25, 2009. Thus, Ms. Bullard's disability - as determined by the Commissioner in the subsequent successful application - began almost three months before the Appeals Council denied Ms. Bullard's request for review in this case. (Tr. 1.)

---

notes were relatively sparse; on the other hand, Dr. McGill, who conducted a detailed psychological examination, detailed her findings of that examination, including that Ms. Bullard was fully oriented, could understand, remember, and follow three-step directions, focus, concentrate, and pay attention. (Tr. 177-78, 229-30.)

The Hearings, Appeals, and Litigation Law Manual (hereafter "HALLEX") contains guidance for addressing this situation.[2] As Ms. Bullard points out in her brief, the HALLEX regulations require that the Appeals Council review the subsequent allowance to determine whether it contains new and material evidence relating to the prior claim, requiring it to reopen the prior denial. *See* HALLEX I(B).[3] HALLEX instructs the Appeals Council to make such a review even if the subsequent approval date fell after the date of the ALJ's decision, as is the situation in this case. *See* HALLEX III(B)(2) at Example 3.[4] These regulations

---

[2]The Court has relied on the copy of the HALLEX regulations Ms. Bullard attached to her Reply Brief. (Doc. 13-2.)

[3]HALLEX I(B) provides:

> B. Favorable Determination on Subsequent Claim
>
> If the initial (or reconsidered) determination in the subsequent claim is favorable, the AC will consider the evidence in the subsequent claim to determine whether there is new and material evidence relating to the prior claim. The AC will expedite its action on the request for review in this situation.
>
> The AC may also conclude that the favorable determination on the subsequent claim was incorrect. In such cases, the AC may exercise the Agency's authority under existing regulations for review and reopening to review the subsequent favorable determination.

[4]HALLEX III(B)(2) at Example 3 provides:

> Example 3. Claim filed under title II and

7

safeguard the Commissioner from making needless inconsistent disability decisions and require the Appeals Council - rather than a court, which does not have sufficient information - to review the record in the subsequent case and make a decision based on a complete review of the information available.

It is impossible for the Court to know, based on the record before it, whether the Appeals Council already examined Ms. Bullard's subsequent case to determine if it contained new and material evidence relating to this claim. The letter sent to Ms. Bullard notifying her that her request for review was denied is simply the Appeals Council's standard form letter, which in no way addresses whether the Appeals Council considered Ms. Bullard's subsequent application. (Tr. 1-3.) Further, it is impossible for the Court to determine from the record before it whether new and material evidence was presented in the subsequent successful application. Therefore, the Court concludes that this

---

> denied through ALJ decision. RR is before the AC when a subsequent title XVI only claim is allowed with an onset date after the date of the ALJ decision.
>
> The periods at issue are not the same; however, the subsequent allowance still raises a possibility that SSA has in its possession new and material evidence that relates to the period on or before the date of the ALJ's decision. If the analyst does not already have the subsequent claim file, OAO will obtain it and the analyst will make a recommendation based on the record before the ALJ and all the additional material. . . .

case must be remanded for the Appeals Council to review Ms. Bullard's subsequent case - in which she was granted benefits - to determine whether it contains new and material evidence requiring it to reopen Plaintiff's application in this case.

## ORDER

Based on the above analysis, **IT IS HEREBY ORDERED** that Plaintiff's request for remand is **GRANTED**.  On remand, the Appeals Council will consider the evidence in Plaintiff's subsequent claim to determine whether there is new and material evidence relating to this claim.

DATED this 27th day of September, 2010.

BY THE COURT:

_____
Samuel Alba
United States Magistrate Judge